# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Darnelle Hudson, #227328[1] ) | C/A No. 4:15-0690-JMC-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Joseph McFadden, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Darnelle Hudson ("Petitioner/Hudson"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on February 17, 2015. Respondent filed a motion for summary judgment on June 10, 2015, along with a return and supporting memorandum. The undersigned issued an order filed June 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. On July 22, 2015, Petitioner filed a motion for an extension of time to respond to the motion for summary judgment. (Doc. #24). The motion was granted giving Petitioner until August 19, 2015, to file a response and again advising him that his

---

[1] Respondent states that Petitioner's name is Darnell E. Hudson asserting that "in the caption on the petition, the 'E' in Petitioner's name runs together with his first name such that his name reads as 'Darnelle Hudson' rather than 'Darnell' in the CMECF system. . ." (Doc. # 18, fn 1).

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

petition may be dismissed for failure to prosecute pursuant to Rule 41 of the Fed. R. Civ.P. if he did not file a response. On August 21, 2015, Petitioner filed a second motion for extension of time. The motion was granted on August 21, 2015, giving him until September 8, 2015, to file a response and again advising him that his petition may be dismissed for failure to prosecute if he failed to file a response. Petitioner failed to file a response.

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. Therefore, the procedural history is set forth for reference purposes.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Anderson County. Petitioner was indicted by the Anderson County Grand Jury during the February 2001 term of the Anderson County Court of General Sessions for seven counts of kidnapping. Petitioner was indicted at the June 2001 term of the Anderson County Grand Jury for armed robbery.

On August 7-9, 2001, Petitioner was tried by a jury before the Honorable John Kittredge and a jury. The jury found Petitioner guilty on all counts. Judge Kittredge sentenced Petitioner to life sentences fo each of he convictions to run concurrently.

**Direct Appeal**

Petitioner filed and served a Notice of Appeal. On appeal, Petitioner was represented by Wanda H. Haile, Senior Assistant Appellate Defense with the South Carolina Office of Appellate Defense who filed a brief on Petitioner's behalf raising the following two issues:

1.   The lower court erred in denying appellant's directed verdict motions on the kidnapping charges.

2.   The lower court erred in denying appellant's motion for a directed verdict on

> the indictment alleging that appellant kidnapped one Richard Ausburn when said victim was not present at trial to this effect.

(Attachment 4).

On October 3, 2002, Assistant Deputy Attorney General Charles H. Richardson filed a final brief on behalf of the state. On March 17, 2003, the South Carolina Court of Appeals filed an order affirming the conviction. The court issued the remittitur on April 2, 2003.

**First PCR Action**

On October 28, 2003, Petitioner filed an Application for Post-Conviction Relief asserting claims of ineffective assistance of trial counsel and appellate counsel. Petitioner filed an amended PCR application in which he asserted additional claims of error.

An evidentiary hearing was convened on August 14, 2007, before the Honorable Alexander S. Macaulay. Petitioner was present and represented by Scott Robinson, Esquire, at the hearing. By order filed September 12, 2007, Judge Macaulay denied and dismissed the PCR application with prejudice. (PCR App. 505-16).

On May 19, 2008, Petitioner submitted a second PCR application asserting that he had received ineffective assistance of PCR counsel because PCR counsel failed to file a Rule 59(e) motion and failed to file a timely notice of appeal. A hearing was convened on October 7, 2009, before the Honorable J. Cordell Maddox, Jr. Petitioner was present and represented by David Brousseau, Esquire, at the hearing. The State was represented by Assistant Attorney General A. West Lee. Following the hearing, Judge Maddox issued an order granting Petitioner a belated appeal. (Attachment #13).

Brousseau then filed a notice of appeal on Petitioner's behalf. (Attachment #14). On July 12,


2010, Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a petition for writ of certiorari, raising the following issues:

> I. Did counsel render ineffective assistance of counsel by denying her client's right to be present at a pre-trial hearing when she made a motion for a continuance, at the start of trial?
>
> II. Did counsel render ineffective assistance of counsel by failing to inform the trial court judge that she was only recently retained on his case, and had not meaningfully discussed the case with him prior to trial?

(Attachment #15, Petition for Writ of Certiorari).

On May 17, 2012, Assistant Attorney General Kaelon E. May submitted a return to the petition for writ of certiorari on behalf of the State. (Attachment 19, Return to Petition for Writ of Certiorari (Belated PCR Appeal)).

In an order filed July 11, 2012, the South Carolina Court of Appeals granted Petitioner a belated review of Judge Macaulay's order. (Attachment #21, Order Filed July 11, 2012 (Belated PCR Appeal)). The court then proceeded with the Austin review and denied the petition. (Attachment 21, Order). The court issued a remittitur on July 30, 2012. Respondent asserts that the Anderson County Public Index reflects that the remittitur was filed with the lower court on July 31, 2012. Attachment 23, Anderson County Tenth Judicial Circuit Public Index –2008-CP-04-1567(Belated PCR Appeal).

## 2nd PCR application

On August 14, 2012, Petitioner filed a PCR application in which he asserted that he had received ineffective assistance of PCR counsel. Petitioner subsequently filed a number of amendments and motions, including: a motion to amend and for anew trial; a motion for an

evidentiary hearing and for a new trial; and a motion for a hearing on the motion to amend and for a new trial and for the appointment of counsel. On January 27, 2014, Assistant Attorney General Walt Whitmire filed a return and motion to dismiss on behalf of the State.

On September 2, 2014, Petitioner filed a petition for writ of mandamus to the South Carolina Supreme Court. The court informed Petitioner by letter that it would take no action on the writ. On April 27, 2015, Staff Attorney Justin J. Hunter filed an amended return and motion to dismiss.

On May 4, 2015, Judge Maddox filed a conditional order of dismissal informing Petitioner of the court's intention to dismiss Petitioner's application with prejudice unless Petitioner provided specific reasons, factual or legal, why the application should not be dismissed in its entirety. Judge Maddox found the application to be successive and time-barred. Additionally, the court noted that Petitioner's claims were either not cognizable or not appropriate PCR claims.

As of the time of filing the return, Respondent submitted that no further documents had been filed in this case. On July 7, 2014, Petitioner submitted a petition for writ of habeas corpus to the state court. Petitioner subsequently filed a motion to amend and a motion for entry of default in his habeas action. In a document dated June 4, 2015, the State made its return and motion to dismiss, asserting that the state petition for writ of habeas corpus should be summarily dismissed because Petitioner's claims could have been raised in his PCR actions and because state habeas petitions must be filed in the original jurisdiction of the Supreme Court of South Carolina.

On June 10, 2015, Judge R. Lawton McIntosh issued an order dismissing the petition for writ of habeas corpus. (Attachment 40, Order Dismissing Petition for Writ of Habeas

Corpus (State Habeas)). As of the time of filing, Respondent contends that no further documents have been filed in Petitioner's state habeas corpus action.

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

GROUND ONE: Petitioner's due process and equal protection clause of the 5th and 14th Amends of the U.S. Const is being violated.

GROUND TWO: Petitioner was denied effective assistance of trial counsel which violated his 6th and 14th Amends of the U.S.Const.

GROUND THREE: PCR counsel rendered ineffective assistance of counsel in Petitioner's initial-review collateral proceeding, viol of his 6th and 14 US Const. Amends.

GROUND FOUR: Petitioner's due process rights pursuant to the 5th and 14th Amends of the U.S. Const was violated which prejudiced him.

(Petition).

Petitioner filed a hand written attachment giving specific details about his grounds for relief.

## III. SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts

which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper

summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied

9

are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Petitioner did not file a response.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

>    latest of–
>
>>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

For convictions that became final before the AEDPA's effective date, the limitations period began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, supra. The period therefore expires on April 24, 1997 (absent tolling). See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

As stated under the procedural history, Petitioner was convicted and sentenced on August 9, 2001. After appealing his conviction and sentence, the South Carolina Court of Appeals affirmed the conviction on March 17, 2003, with the remittitur being issued on April 2, 3003. Petitioner did not file a petition for rehearing.  Petitioner filed his first PCR application on October 28, 2003. The filing of the PCR action  tolled the statute of limitations until the conclusion of the PCR action. The

11

petition for writ of certiorari from the PCR appeal was denied on July 11, 2012. The remittitur was issue on July 30, 2012, and filed on July 31, 2012. This petition was not filed until February 11, 2015, the Houston v. Lack, 487 U.S. 266 (1988), delivery date. Thus, the petition was filed outside of the one year statute of limitations and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida,560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary

circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Additionally, Petitioner did not file a response to the motion for summary judgment, and, therefore, has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice. Alternatively, it should be dismissed as barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #18) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 9, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**